IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| OLD REPUBLIC INSURANCE COMPANY, )<br>  )<br>　　　　Plaintiff,　　　　　　　　　　)<br>  )<br>vs.　　　　　　　　　　　　　　　　　　　　)<br>  )<br>DAVID GABRIEL WATSON,　　　　　)<br>  )<br>　　　　Defendant.　　　　　　　　　　　) | Case No. 2:04-CV-2724-TMP |

## MEMORANDUM OPINION

This declaratory-judgment action is before the court on the defendant's motion to dismiss the complaint for lack of federal subject-matter jurisdiction. In particular, defendant Watson contends that the plaintiff, Old Republic, is unable to demonstrate that the $75,000.00 minimum amount in controversy requirement for diversity jurisdiction is met. The parties have briefed the motion, and the court agrees that the complaint must be dismissed for lack of subject-matter jurisdiction.[1]

This is a declaratory-judgment action in which the plaintiff seeks a declaration that an exclusion in the insurance policy it sold to defendant precludes the coverage claimed by the defendant. Defendant Watson has made a claim on the policy in the amount of about $45,000, and has threatened to sue the plaintiff for bad-faith refusal to pay if Old Republic continues to deny coverage. There is no evidence that defendant Watson actually has filed any lawsuit for bad-faith and he has not asserted such a claim in this action. Old Republic contends that diversity jurisdiction exists under 28 U.S.C. § 1332, because it and the defendant are citizens of different states and

---

[1] The parties have consented to the exercise of dispositive jurisdiction by the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). See doc. 11.

because Old Republic's possible liability for bad-faith refusal to pay meets the jurisdictional minimum of $75,000. Defendant Watson argues that the jurisdictional minimum is not met and that the court lacks diversity jurisdiction.

As the defendant correctly argues, the Eleventh Circuit case of Federated Mutual Insurance Co. v. McKinnon Motors, LLC, 329 F.3d 805 (11th Cir. 2003), determines the outcome in this case. There, the court of appeals explained that, in declaratory judgment actions, the amount in controversy is viewed from the perspective of the plaintiff. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Id. at 807 (quoting Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000)). Likewise, the burden of proving the facts necessary to establish federal subject-matter jurisdiction is on the party invoking it — here, the plaintiff. Because the nature of the relief sought in a declaratory-judgment action necessarily is indeterminate, i.e., no demand for a sum certain of damages is made by the plaintiff, plaintiff must prove the existence of federal jurisdiction by a preponderance of the evidence. As the court wrote in Federated Mutual:

> Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Red Cab Co., 303 U.S. at 289, 58 S.Ct. at 590. However, where jurisdiction is based on a claim for indeterminate damages, the Red Cab Co. "legal certainty" test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072-77 (11th Cir. 2000).

Id. Thus, the burden remains on the plaintiff, Old Republic, to show that it is more likely true than not true that this case involves a controversy worth more than $75,000, viewed from Old Republic's point-of-view.

In this case, as in Federated Mutual, the defendant contends that plaintiff has not shown that jurisdiction exists. To attempt to carry its burden, Old Republic has offered a letter from defendant's attorney, dated July 16, 2004, in which the attorney made a demand on Old Republic for approximately $45,000 in insurance coverage on behalf of his client. See Exhibit B to Plaintiff's Response to Motion to Dismiss (Doc. 6). Old Republic contends that this demand, coupled with its potential liability on defendant's threatened bad-faith claim, is sufficient to show by a preponderance of the evidence that the case involves a controversy worth more than $75,000 from its perspective. Plaintiff also has noted a number of Alabama cases in which awards of far more than $75,000 have been returned on bad-faith claims. It urges that this is sufficient proof of the value of the potential bad-faith claim to meet the preponderance standard.

The court is unpersuaded, particularly in light of the Eleven Circuit's rejection of this very type of evidence in Federated Mutual. Assuming, without deciding, that Old Republic can use defendant's *threatened* lawsuit for bad faith in the assessment of the amount in controversy,[2] it has offered nothing more than a listing of Alabama cases in which awards for bad faith exceeding $75,000 have been affirmed. But, as the Eleventh Circuit described similar evidence in Federated Mutual:

> Federated has offered no evidence to rebut McKinnon's representation and no evidence to show that McKinnon's bad faith claim would satisfy the amount in controversy. Federated does point to a number of Alabama cases where courts have awarded punitive damages well in excess of $75,000 for bad faith failure to pay,

---

[2] There is good reason not to allow reference to a claim merely *threatened*. Generally, a plaintiff may not prove the existence of federal jurisdiction on the value of a counterclaim in the case. Here, even a counterclaim has not been filed. Defendant has threatened to sue for bad faith, but as far as the court has been made aware, he has not done so yet. Defendant has not stated what he believes the bad-faith claim is worth, if anything. A jurisdiction allegation should not rest on a threat of unknown value.

>Intercontinental Life Insurance Co. v. Lindblom, 598 So.2d 886 (Ala.1992); United Services Automobile Ass'n v. Wade, 544 So.2d 906 (Ala.1989); Nationwide Mutual Insurance Co. v. Clay, 525 So.2d 1339 (Ala.1987), but mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of Federated's assertion in this case.

Id. at 808.  It is true, as pointed out by Old Republic, that defendant Watson has not offered any affidavit or statement by counsel in this case eschewing damages or awards in excess of $75,000, as defendant McKinnon did in Federated Mutual.  Nonetheless, the court is unable to draw from the *absence* or lack of such an affidavit or statement that plaintiff has carried *its* burden of proof.  The burden of proving the existence of federal jurisdiction is on the party invoking, and that burden cannot be shifted to the opposition by demanding that the defendant expressly renounce an inchoate claim or to state its value.  In effect, Old Republic contends that, because Watson has declined to file an affidavit or statement saying what he believes the potential bad-faith claim is worth, this must be taken as an admission that it is worth more than $75,000.  To do so, however, would be to allow Old Republic to shift the burden of proof on jurisdiction from itself to Watson to affirmatively negate it.  The law places the burden of proof squarely on Old Republic, and that is where it will remain.  The *absence* of an affidavit or statement from Watson is evidence of nothing; it amounts to a *lack* of evidence.  Nothing is nothing, not something.  As a lack of evidence, it cannot assist Old Republic in meetings its burden of proof.

In the end, Old Republic's assertion concerning the value of Watson's potential bad-faith claim is as "indeterminate and speculative" as that rejected in Federated Mutual.  Simply put, there is no evidence concerning the value of the claim, and Old Republic is left with nothing but the $45,000 demand previously made, which is insufficient on its face.  Viewed from the plaintiff's perspective, this case is about a $45,000 claim for insurance coverage and a potential bad-faith claim

of *unknown* value.  Because Old Republic is unable to prove by a preponderance of the evidence that it involves a controversy worth more than $75,000, the motion to dismiss for want of federal subject-matter jurisdiction must be granted.

  A separate order will be entered dismissing this case without prejudice.

  DONE this 7th day of December, 2004.

                _____
                T. MICHAEL PUTNAM
                U.S. MAGISTRATE JUDGE